[No. C049041. Third Dist. Oct. 27, 2005.]

CYNTHIA JACKSON et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION et al.,
Respondents.

COUNSEL

Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer and Deborah A. Whitcomb for Petitioners.

Robert W. Daneri, Suzanne Ah-Tye and Alan R. Canfield for Respondents California Department of Corrections and Rehabilitation and State Compensation Insurance Fund.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

**ROBIE, J.**—We conclude that the Workers' Compensation Appeals Board (WCAB) erred in concluding that the evidence presented in this case rebutted the presumption in Labor Code section 3212.2 that the applicant's heart trouble arose out of and in the course of his employment as a correctional officer for the Department of Corrections.

FACTUAL AND PROCEDURAL BACKGROUND

I

*Facts*

Barryn Davis, Sr., worked as a correctional officer with the Department of Corrections at Deuel Vocational Institution in Tracy, California, from 1986 to 1999. He was the guardian of Barryn Davis, Jr.

During the 1999 Thanksgiving holiday, Davis, Sr., developed an upper respiratory infection. Davis, Sr., then developed bronchitis, which spread to the heart. The virus caused a viral myocarditis that led to Davis, Sr.'s sudden death by heart attack at his home on December 15, 1999.

II

*Procedure*

Cynthia Jackson, as the guardian ad litem for Barryn Davis, Jr., filed an application for adjudication of claim asserting that Davis, Sr.'s heart attack

arose out of and in the course of his employment. In those proceedings, Jackson invoked the presumption contained in Labor Code section 3212.2, which provides in relevant part: "In the case of officers and employees in the Department of Corrections having custodial duties, . . . the term 'injury' includes heart trouble which develops or manifests itself during a period while such officer or employee is in the service of such department or hospital. [¶] . . . [¶] Such heart trouble so developing or manifesting itself in such cases shall be presumed to arise out of and in the course of the employment. This presumption is disputable and may be controverted by other evidence, but unless so controverted, the appeals board is bound to find in accordance with it."

The matter was submitted on the police report, the coroner's report, and the reports of two physicians concerning Davis, Sr.'s heart trouble. On the applicant's behalf, Robert A. Blau, M.D., stated he believed that Davis, Sr.'s heart attack stemmed from upper respiratory infection. Dr. Blau's report concluded that under Labor Code section "3212[.2], heart disease developing, manifesting or progressing during an individual's employment as a peace officer is considered to be an industrial injury."

The Department of Corrections submitted a report by Eugene Ogrod, M.D. Dr. Ogrod conceded that Davis, Sr., died of a heart problem that derived from his respiratory illness. Dr. Ogrod, however, argued that the viral process "can be acquired in the course of a variety of daily activities in which there is contact with the public. So, there is nothing specific about the patient's occupation that would lead us to conclude that his viral infection and the secondary myocarditis was occupationally related." The doctor continued, "absent the application of the heart problem presumption, we would consider this a nonoccupational medical problem." Dr. Ogrod's report concluded, "[t]here would be nothing in the sequence of events that would be linked to a specific occupation or to suggest that his occupation placed him at greater risk for developing this set of problems. If the heart problem presumption is applied, it is applied on an administrative basis. I am not saying it is inappropriate to apply it on that basis. I am simply saying that there is no medical basis that would justify linking this patient's acute medical problems to his occupation, absent an administrative decision to apply the presumption."

The administrative law judge (ALJ) concluded that Dr. Ogrod's medical opinion did not overcome the presumption of Labor Code section 3212.2 and

found that Davis, Sr.'s injury was industrial. The Department of Corrections filed a petition for reconsideration of the ALJ's decision. The WCAB granted the petition for reconsideration. The WCAB concluded that the medical evidence that the cause of death was "the non-industrial viral infection that led to the development of the myocarditis" constituted sufficient evidence "to rebut the presumption of industrial causation." Jackson filed a petition for a writ and we issued a writ of review.

## DISCUSSION

"In our appellate review of the decisions of the appeals board, which exercises a long-acknowledged administrative expertise, we have required that the record contain substantial evidentiary support for the appeals board's decisions." (*LeVesque v. Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 635 [83 Cal.Rptr. 208, 463 P.2d 432].) We thus "review the entire record to determine whether the board's conclusion was supported by substantial evidence." (*Id.* at p. 637.)

There is no dispute here that Davis, Sr., was an employee of the Department of Corrections with custodial duties who had heart trouble and therefore was entitled to the presumption contained in Labor Code section 3212.2. Thus, the question becomes whether there was substantial evidence to overcome that presumption that Davis, Sr.'s heart trouble arose out of and in the course of his employment.

The heart trouble presumption contained in Labor Code section 3212 et seq. (including Lab. Code, § 3212.2) "was adopted as a response to the ' "persisting cleavage in medical theory itself" . . . as to the relationship between stress, physical exertion and progressive heart disease.' [Citation.] Formerly, 'the fate of an individual worker's claim generally did not turn on the facts of his particular employment or heart attack, but rather was decided almost fortuitously on the basis of which of the two competing schools of medical thought [i.e., those who accept and those who reject the view that stress or exertion can contribute to the development of heart trouble] the lay referee or appeals board decided to endorse in the particular case.' [Citation.] For 20 years the statute did not prevent proof of preexisting disease, and the Legislature found that in such form it 'failed to alleviate the gross inequities and unfairness which flowed from the inevitable and inconclusive "battle of the experts" . . . .' [Citation.] The preclusion was adopted as a solution." (*Johnson v. Workers' Comp. Appeals Bd.* (1985) 163 Cal.App.3d 770, 775–776 [210 Cal.Rptr. 28].)

■ The heart trouble presumption is a presumption affecting the burden of proof and is rebuttable. (*Reeves v. Workers' Comp. Appeals Bd.* (2000) 80 Cal.App.4th 22, 30 [95 Cal.Rptr.2d 74].) It imposes the burden on the employer to prove that the applicant's heart trouble did not arise out of and in the course of his employment. (*Ibid.*)

■ The heart trouble presumption for some public safety workers contains what is called an "anti-attribution clause." For example, in Labor Code section 3212.5 (which is applicable to police officers and highway patrol members), the anti-attribution clause further qualifies the heart trouble presumption: "Such heart trouble . . . . so developing or manifesting itself in such cases shall in no case be attributed to any disease existing prior to such development or manifestation." Examining the effect of section 3212.5, the appellate court in *Parish v. Workers' Comp. Appeals Bd.* (1989) 210 Cal.App.3d 92, 98 [258 Cal.Rptr. 287], concluded it was the employer's burden to show "what '. . . contemporaneous nonwork-related event . . . ,' if any, was the sole cause of applicant's heart trouble."

■ Stated another way, the presumption " 'does not guarantee [covered] employees that they will recover workers' compensation benefits for a heart attack which occurs during the course of their employment, but leaves the employer free to rebut the statutory presumption by proving that some *contemporaneous* nonwork-related event—for example, a victim's strenuous recreational exertion—was the sole cause of the heart attack.' [Citation.] That is, an employer may rebut the presumption, but only with proof of causation by a nonindustrial event occurring at the same time as the heart trouble developed or manifested itself." (*Johnson v. Workers' Comp. Appeals Bd.*, *supra*, 163 Cal.App.3d at p. 776.)

Thus, in *Geoghegan v. Retirement Board* (1990) 222 Cal.App.3d 1525, 1528 [272 Cal.Rptr. 419], the employer presented evidence that the employee's heart attack was caused by the cold and altitude he encountered on a skiing vacation to Vail, Colorado. The appellate court concluded this medical evidence was sufficient to overcome the presumption that the employee's heart trouble was job related. (*Id.* at pp. 1530–1531.)

■ The heart trouble presumption applicable to correctional officers contained in Labor Code section 3212.2 does not contain an antiattribution clause. ■ " ' " 'The words of the statute must be construed in context,

keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.' " ' " (*Barajas v. Oren Realty & Development Co.* (1997) 57 Cal.App.4th 209, 216–217 [67 Cal.Rptr.2d 62].) Because the correctional officers' statute (§ 3212.2) does not prohibit the attribution of heart trouble to "any disease existing prior to such development or manifestation," (Lab. Code, § 3212.4) the employer of a correctional officer may rebut the heart trouble presumption in a second way. It may present evidence that the heart trouble was attributable to preexisting disease unrelated to the officer's employment.

█ Here, substantial evidence does not support the WCAB's finding that Davis, Sr.'s heart trouble was unrelated to his job. The only evidence on this subject was presented by Dr. Ogrod in his report. There, the doctor conclusively stated "there is nothing specific about the patient's occupation that would lead us to conclude that his viral infection and the secondary myocarditis was occupationally related." The doctor also stated, "[t]here would be nothing in this sequence of events that would be linked to a specific occupation or to suggest that his occupation placed him at greater risk for developing this set of problems." Simply pointing out that there is nothing specific about his job that caused his heart attack or put him at a greater risk for this condition does not satisfy the Department of Correction's burden to prove that a contemporaneous non-work-related event was the sole cause of the heart attack in question. Moreover, this "evidence" does not demonstrate the heart trouble here was attributable to a preexisting nonindustrial disease. Stated another way, there was no evidence in the record that Davis, Sr.'s respiratory illness was not related to his job as a correctional officer. The conclusion that there is "no medical basis that would justify linking this patient's acute medical problems to his occupation" further failed to establish that any non-work-related event was the sole cause of this heart attack or that this heart disease was the result of a preexisting disease unrelated to his job. Without any such evidence to controvert the presumption of Labor Code section 3212.2, that presumption controls. We, therefore, cannot uphold the WCAB's findings.

## DISPOSITION

The WCAB's "Opinion and Order Granting Reconsideration and Decision After Reconsideration" is annulled. The matter is remanded for further proceedings consistent with the views expressed herein.

Scotland, P. J., and Cantil-Sakauye, J., concurred.